UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL E. WILLIAMS,**<br><br>Plaintiff,<br><br>vs.<br><br>**COMMISSIONER ANDREW M. SAUL,**<br><br>Defendant. | 2:20-CV-10373-TGB-EAS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 15)** |

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's report and recommendation of February 18, 2021, recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed. ECF No. 15.

The Court has reviewed Magistrate Judge Stafford's report and recommendation, and Plaintiff's objection thereto. For the reasons set forth below, Plaintiff's objection is **OVERRULED**, and the report and recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the decision of the Commissioner denying Plaintiff's disability claim is **AFFIRMED**.

1

## I.   BACKGROUND

Plaintiff alleges disability beginning May 30, 2015 due to a frozen left shoulder, left rotator cuff tear, carpal tunnel syndrome, sciatica, back problems, chronic obstructive pulmonary disease, removal of left testicle, and depression.[1] R. & R., ECF No. 15, PageID.1003. His claim for supplemental security income was denied on June 23, 2017. He made a written request for a hearing, which was held on September 18, 2018. Williams testified, as did vocational expert Stephanie Lorey. ALJ Hr'g Decision, ECF No. 9-2, PageID.49.

In a decision issued on December 24, 2018, the ALJ found Williams to be not disabled. In considering the five-step analysis used to determine whether an individual has a disability, *see* ECF No. 15, PageID.1004-05, the ALJ found that Williams' claim failed at step five. Specifically, the judge determined that he had a residual functional capacity ("RFC") for light work, with some restrictions. ECF No. 9-2, PageID.53. She also determined that, although he had no past relevant work, there were jobs in significant numbers in the national economy that he could have performed, meaning he was not disabled in the time period in question. *Id.* at PageID.65.

---

[1] Plaintiff has filed two previous unsuccessful applications for disability insurance benefits and supplemental security income, but because those decisions are not at issue here, the Court will focus on the most recent application. ALJ Hr'g Decision, ECF No. 9-2, PageID.49.

Moore sought judicial review of this decision on February 12, 2020. ECF No. 1. Parties timely filed cross motions for summary judgment, and these issues are now before the Court along with Judge Stafford's report and recommendation.

## II.   STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed a timely objection (ECF No. 16) to the report and recommendation; Defendant filed a response (ECF No. 17) to Plaintiff's objection. This Court must conduct a de novo review of the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

As for any parts of the report and recommendation that are reviewed de novo, the Court's judicial review is nevertheless circumscribed: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by

substantial evidence in the record."[2] *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is not a high standard, requiring "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Different kinds of evidence are given different weight. Evidence can come from an "acceptable medical source" or "other sources." 20 C.F.R. §§ 404.1513 (amended March 27, 2017), 416.913 (amended March 27, 2017). An opinion from a medical source who has examined the claimant is generally given more weight than one who has not, and in particular the opinion of someone who regularly treats the claimant (treating-source opinion) must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013).

If the ALJ does not give the treating-source opinion controlling weight, "then the opinion is weighed based on the length, frequency, nature, and extent of the relationship, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole." 20 C.F.R. § 404.1527(d)(2); *see also Gayheart*, 710

---

[2] The ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

4

F.3d at 376. Additionally, if a treating-source's opinion is discounted, the ALJ must provide "good reasons" for doing so that are "supported by the evidence in the case record." *Id.* (quoting Soc. Sec. Rule. No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

The Court may "reverse and remand a denial of benefits, even though 'substantial evidence otherwise supports the decision of the Commissioner,' when the ALJ fails to give good reasons for discounting the opinion of the claimant's treating physician." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-46 (6th Cir. 2004)). Even if the ultimate conclusion of the ALJ may be justified based on the record, "[a] failure to follow the procedural requirement 'of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence[.]'" *Id.* (quoting *Rogers*, 486 F.3d at 243).

However, in some circumstances, a failure to provide "good reasons" for discounting the opinion of a treating source might be "harmless error." *Friend*, 375 F. App'x at 551. The Sixth Circuit has observed that a violation of the procedural requirement may be harmless error if "(1) 'a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it'; (2) 'if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion'; or (3) 'where the Commissioner has met the goal of § 1527(d)(2)—the

5

provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation.'" *Id.* (quoting *Wilson*, 378 F.3d at 547).

### III. ANALYSIS

Plaintiff's single objection has to do with the ALJ's consideration of a treating-source opinion from physician Dr. Nael Tarakji, which is in the record at ECF No. 9-10, PageID.922-24. The ALJ indicated that she was giving his opinion evidence "little weight, as it is not consistent with other evidence of record, and the severity of limitations is not supported by the objective medical evidence." ECF No. 9-2, PageID.63. Plaintiff says that with just this sentence, the ALJ does not sufficiently explain why she was discounting Dr. Tarakji's opinion and that therefore she erred by not providing "good reasons" to explain her decision. ECF No. 16, PageID.1019-20. Judge Stafford indicates that the ALJ thoroughly reviewed the record and discussed the objective medical evidence earlier in the decision. ECF No. 15, PageID.1013-14. Therefore, "the decision read as a whole supplies good reasons for discounting Dr. Tarakji's opinions." *Id.* at PageID.1009.

The Court is persuaded by the reasoning in *Fifer v. Comm'r of Soc. Sec.* that Judge Stafford's conclusion regarding the ALJ's provision of "good reasons" is correct. No. 14-14584, 2016 WL 1399254 (E.D. Mich. Apr. 11, 2016). In *Fifer*, the court found that the ALJ's decision contained only a "cursory explanation" regarding the reasons for discounting a

specific treating-source opinion as being inconsistent with the record. *Id.* at *3. But that record had been "extensively surveyed by the ALJ earlier in her decision," which the Court found to suffice as "good reasons" for her decision to give limited weight to the opinion. *Id.*

The ALJ's decision here similarly included only a short statement in the paragraph where Tarakji's opinion evidence is weighed. But the lengthy analysis of the record that precedes it, including a review of objective medical evidence in the form of treatment notes and records from various doctor's visits, MRIs, and other testing reports, indicates what the ALJ's "good reasons" for discounting his evidence were. *See* ECF No. 9-2, PageID.55-63. The ALJ decision also evaluates other sources of opinion evidence (Dr. Balunas, Dr. Spencer, Dr. Sayyid, Dr. Dickson, Dr. Rampersaud, and Dr. Lopez) immediately before and after its evaluation of Tarakji's opinion evidence, and a reader can compare and contrast the rationales offered throughout this portion of the decision to understand why the ALJ found Tarakji's evidence "not consistent" with the rest of the record and therefore less persuasive. *See* ECF No. 9-2, PageID.62-63.

Plaintiff argues that this case is more similar to *Gayheart*, where an ALJ was found not to have provided sufficient "good reasons," but there "the reviewing court could not determine what the problem with the treating physician's opinion was." *Vitale v. Comm'r of Soc. Sec.*, No. 16-12654, 2017 WL 4296608, at *3 (E.D. Mich. Sept. 28, 2017) (citing *Gayheart*, 710 F.3d at 377). Here, the ALJ's discussion of other opinion

7

evidence, as well as her clarification that Dr. Tarakji's notes "failed to quantify terms that he used in making his statement," do provide information as to why she felt his opinion should receive little weight. ECF No. 9-2, PageID.62-63.

Additionally, assuming for the sake of argument that the ALJ could have been more specific in articulating the "good reasons" for not following the treating-source opinion rule, in this case the failure would amount to harmless error. Dr. Tarakji's opinion evidence is in the form of a three-page checklist that has very little accompanying explanation regarding his findings. The Sixth Circuit has previously found "form reports" like this to meet the patently deficient standard for harmless error. *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 475 (6th Cir. 2016) (finding harmless error when ALJ discounted a treating-source opinion that was a "check-box analysis . . . not accompanied by any explanation").

Certainly, the more detail that ALJs provide in their decisions, the better. "'The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.'" *Wilson,* 378 F.3d at 134 (quoting *Snell v. Apfel,* 177 F.3d 128, 134 (2d Cir. 1999)). The ALJ's decision could have explained more

8

thoroughly, and in a manner more understandable to a layperson, how she arrived at her conclusions. But although this is a close case, the Court does not find that the ALJ's reasoning falls below the minimum standard of analysis required by the Administration's regulations, and therefore Plaintiff's objection must be overruled.

## CONCLUSION

The Court **ACCEPTS AND ADOPTS** Magistrate Judge Stafford's report and recommendation (ECF No. 15) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (ECF No. 11) is **DENIED**, Defendant's motion for summary judgment (ECF No. 13) is **GRANTED**, and the findings and conclusions of the Commissioner are **AFFIRMED**.

DATED this 31st day of March, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge